### PLINY MARTINDALE v. THE STATE OF OHIO.

1. PROSECUTION UNDER SECTION 3718a.

   In a prosecution under sec. 3718a, Rev. Stat., it is not necessary that the accused should waive a trial by jury *in writing*, to give the magistrate jurisdiction to proceed to final judgment in the case without a jury.

2. CONSTRUCTION OF SECTIONS 7147 AND 3718a, REVISED STATUTES.

   Sections 7147 and 3718a, Rev. Stat., are not *in pari materia*.

ERROR to the Court of Common Pleas of Lake county.

Defendant Martindale was arrested and tried before a magistrate, on a charge of cruelty to animals, under and in accordance with the provisions of sec. 3718a, Rev. Stat.    He was convicted and fined.    It is claimed for him, that he did not waive a trial by jury *in writing*, and that therefore the magistrate had no final jurisdiction in the case, and erred in proceeding to final judgment without the intervention of a jury.    The record discloses the fact, that the accused "waived a trial by jury;" but does not show whether in writing or verbally. Exception was taken to the action of the magistrate, and petition in error filed in the common pleas ; the common pleas sustained the magistrate, and the case comes into this court on error to the common pleas.

Alvord, Alvord & Baptiste, for plaintiff in error.

P. Bosworth and Homer Harper, for defendant in error.

FRAZIER, J.

It is claimed by counsel for plaintiff in error, that as the defendant in the magistrate's court did not waive trial by jury *in writing*, the magistrate had no final jurisdiction in the case; and in support of this position they cite the general provisions applicable to misdemeanors.    Section 7147, Rev. Stat., (82 O. L., 149.)

This statute provides:    "If the offense charged is a misdemeanor, and the accused in a writing subscribed by him, and filed before or during the *examination*, waive a jury and submit to be tried by the magistrate, he may render final judgment."    This waiver gives the magistrate final jurisdiction.

But the prosecution in the present case is under a special statute, which gives the justice jurisdiction, not to examine into the offense, but to "hear the prosecution," and, "if a trial by jury be not waived, said justice shall proceed to empanel a jury * * * if the accused shall neglect or refuse to strike, it shall be the *duty* of the justice to strike for him."    This was a prosecution, and not merely an examination.    The language of the statute is, "if a trial by jury be not waived."

It appears that a trial by jury *was* waived, and this it seems gives the magistrate power to hear the prosecution and proceed to judgment without a jury. We do not see how the provisions of sec. 7147, Rev. Stat., apply to prosecutions under this statute.

Sections 7147 and 3718a, Rev. Stat., are not in our opinion *in pari materia*.

It follows, therefore, that the judgment of the court of common pleas, affirming the magistrate, must be affirmed.